**The State of NEW YORK, Langdon Marsh, as acting Commissioner of the New York State Department of Environmental Conservation and Trustee**

of the Natural Resources, and Michael D. Zagata, as Commissioner of the New York State Department of Environmental Conservation and Trustee of the Natural Resources, Plaintiffs,

v.

PANEX INDUSTRIES, INC., Panex Industries, Inc. Liquidating Trust, Daniel Rosenbloom, Alpine Group, Inc., Rochester Button Company, Inc., Abb Air Preheater, Inc., Village of Wellsville, Paul Lazare, as a Trustee of the Panex Industries Inc. Liquidating Trust, Firmanco Associates, First Manhattan Co., as distributees of the assets of Panex Industries, Inc., Andreas Gal, Successor Panex Industries, Inc. Stockholder Liquidating Trust, Michael D. DeBaecke, Esq., as Trustee of Successor Panex Industries, Inc. Stockholder Liquidating Trust, Defendants,

McGraw Edison Company,
Defendant–Appellee,

Dresser Rand Company, Turbodyne Electric Power Corporation, Defendants/Third–Party–Plaintiffs–Appellants,

Dresser Industries, Inc., Intervenor/Third–Party–Plaintiff–Appellant,

v.

Cooper Industries, Inc., Intervenor/Third–Party–Defendant–Appellee.

Docket No. 02–7203.

United States Court of Appeals,
Second Circuit.

Aug. 13, 2002.

Laurie Styka Bloom, Nixon Peabody, Buffalo, NY, for Appellants.

Daniel Riesel, Sive, Paget & Riesel, New York, N.Y. (Steven C. Russo, Dan Chorost, on the brief), for Appellees.

PRESENT: JACOBS, CABRANES, and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Dresser–Rand Company, Dresser Industries, Inc., and Turbodyne Electric Power Corporation, appeal from the judgment of the United States District Court for the Western District of New York (Elfvin, J.), dismissing their third-party claim for indemnification against Cooper Industries, Inc., and its wholly owned subsidiary, McGraw Edison Company. We affirm for substantially the reasons stated in Judge Elfvin's opinion. *New York, et al. v. Panex Indus., Inc., et al.,* 94–CV–0400E(F), 2001 WL 241791 (W.D.N.Y. Mar.8, 2001).

Appellants rely here (as with the district court) on the less-than-optimal phrasings of the contract. But they offer no competing, integrated reading that favors their position. In any event, appellants as indemnitees had the burden to show that there was "a 'clear and unmistakable intent' to indemnify." *Commander Oil Corp. v. Advance Food Serv. Equip.,* 991 F.2d 49, 51 (2d Cir.1993). Quibbles, grammatical imperfections, convoluted statements, and near ambiguities are not enough.